Brevard, J.,
delivered the opinion of the court. The rule of law which must govern this case is, that which was laid down by Lord Mansfield, in delivering the judgment of the court in the case of Longchamp v. Kenny, in Doug. 137. This rule has been repeatedly recognized in this court, and particularly in the case of Fowler v. Williams, (2 vol. 304,) which was determined at this place in 1809. The rule is this : That the action for money had and received, is governed by the true equity and conscience of the case ; and that the plaintiff should never be permitted to turn the generality of the count into a surprise upon the defendant, by deserting the ground which the defendant is led to believe is the only matter to be tried, and resorting to another of which he cannot' be apprised by the declaration, and may have no suspicion. The plaintiff could not, from the declaration in the present case, which contained only a general count for money had and received, and laid out and expended, have any information, or notice, that the money charged to have been received by him, or expended for .his use, was to be proved by such evidence as was adduced. We-are bound to presume that he had not any sufficient legal notice of the facts intended to be proved, and which the evidence was given to prove, as the declaration is not calculated to give such notice: and, therefore, it is very probable the defendant was surprised, as he complains he was, by the evidence given at the trial, and which he was not prepared, as he otherwise might have been, to rebut or disprove.
Upon this ground the court are of opinion, unanimously, that the verdict ought to be set aside, and a new trial granted.
But it is also the opinion of the court, that the plaintiff should *15 have leave'to amend his declaration, by adding a special count, cal-culaied to give the necessary notice as to the evidence meant to be adduced, on payment of all the costs accrued, except the costs of the writ, and service thereof.